| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 98 C 4156 | DATE | 4/18/2002 |
| CASE TITLE | United States of America *ex rel.* John Gill v. Thomas F. Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Gill's petition for Habeas Corpus pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, Gill's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. This case is CLOSED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 26 2002 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | 24 |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mds (lc) | courtroom deputy's initials | APR 26 2002 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>**JOHN GILL**,<br><br>               **Petitioner**,<br><br>               v.<br><br>**THOMAS F. PAGE**<br><br>               **Respondent**. | No. 98 C 4156<br><br>HONORABLE DAVID H. COAR<br><br>**DOCKETED**<br><br>APR 2 6 2002 |

## MEMORANDUM OPINION AND ORDER

Before this court is John Gill's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, Petitioner is denied habeas relief.

### I. Factual and Procedural Background

Following a jury trial in the Circuit Court of Cook County, on March 6, 1985, Petitioner was found guilty of armed robbery and attempted murder. He was sentenced to life imprisonment pursuant to the Habitual Criminal Act. Petitioner appealed to the Illinois Appellate Court, First District, raising the following five grounds: (1) the evidence was insufficient to prove Petitioner guilty beyond a reasonable doubt; (2) a bullet found in a black leather-like jacket improperly was admitted into evidence; (3) Petitioner was denied effective assistance of counsel when, during closing argument, his trial counsel conceded Petitioner's guilt of robbery; (4) Petitioner was sentenced to life imprisonment pursuant to an unconstitutional sentencing statute; and (5) Petitioner's prior felony convictions were not proven beyond a reasonable doubt. On May 10, 1988, the Appellate Court affirmed Petitioner's conviction.



Petitioner filed a petition for leave to appeal to the Illinois Supreme Court; the Illinois Supreme Court denied Petitioner's petition for leave to appeal on October 28, 1988. On July 8, 1991, Petitioner filed a post-conviction petition to the Cook County Circuit Court. Petitioner raised six grounds for relief in his post-conviction petition: (1) there was insufficient evidence to find Petitioner guilty beyond a reasonable doubt; (2) the trial court erred in giving a jury instruction as to the charge of attempt murder; (3) there was insufficient evidence to find Petitioner guilty beyond a reasonable doubt where the witnesses gave contradictory testimony; (4) the trial court erroneously allowed a black jacket and a bullet, found in the pocket of the black jacket, into evidence; (5) the trial court erroneously allowed police officers to testify about the results of a gunshot residue test, without any other evidence of the test being admitted; and (6) Petitioner's sentence pursuant to the "mandatory life sentencing statute" is unconstitutional. On June 27, the Illinois Appellate Court denied Petitioner's post-conviction petition.

On July 7, 1998, Petitioner filed a Petition for Writ of Habeas Corpus with this Court.

## II. Habeas Corpus Standard

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default also is a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was: (1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground

contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

## III. Discussion

In his petition, Petitioner raises four issues for review: (1) Petitioner was denied the right to effective assistance of counsel when counsel, in his closing argument, admitted Petitioner's guilt of robbery; (2) the trial court erroneously admitted a black leather-like jacket and a bullet into evidence; (3) the trial court erroneously allowed a witness for the state to testify about a gun residue test after the evidence taken during the test had been destroyed; and (4) the habitual criminal statute, under which Petitioner received life imprisonment, is unconstitutional. This Court addresses each ground in turn.

*Ineffective assistance of counsel*

Petitioner contends that he was denied the right to effective assistance of trial counsel when counsel admitted that Petitioner was guilty of the robbery charge during counsel's closing argument. To support an ineffective an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), the Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 695. In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. Id. at 689; Holman v. Gilmore, 126 F.3d 876, 881-82 (7th Cir. 1997). Prejudice is established if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quotations omitted). The prejudice prong of

-4-

Strickland requires petitioner to show "that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Mickens v. Taylor, 122 S. Ct. 1237, ___ U.S. ___ (2002) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," Strickland v. Washington, 466 U.S. at 679, and "only a clear error in applying the Strickland standard would support a writ of habeas corpus," Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997); Porter v. Gramley, 112 F.3d 1308, 1312-14 (7th Cir. 1997). See also Hall v. Washington, 106 F.3d 742, 748-49 (7rth Cir. 1997) (stating that the statutory "'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes.").

The state appellate court analyzed Petitioner's claim using the two-prong Strickland test and found that trial counsel admitted Petitioner was guilty of robbery as a strategic attempt to prevent Petitioner from being convicted and sentenced to life imprisonment under the Illinois Habitual Criminal Act. This Act states in pertinent part: "Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony . . . , and is thereafter convicted of a Class X felony . . . committed after the 2 prior convictions, shall be adjudged a habitual criminal." 720 ILCS 5/33B-1 (West 1998). Petitioner was charged with attempted murder and armed robbery, both of which are Class X felonies. Robbery is a Class 2 felony, and counsel argued during closing argument that petitioner did not have a gun and thus was only guilty of robbery. As a result, the judge did not give the jury an instruction on robbery. The state appellate court found that the State had presented substantial evidence of Petitioner's guilt, and that the strength of the

evidence rendered the probability of a different verdict, even without counsel's alleged errors, negligible. The state court's finding was not an unreasonable application of Strickland. See e.g., Rodriguez v. U.S., ___ F.3d ___, 2002 WL 535408 (7th Cir. Apr. 11, 2002) (holding that it was a reasonable element of a counsel's strategy to concede in his closing argument that his client participated in a drug delivery); Underwood v. Clark, 939 F.2d 473, 474 (7th Cir. 1991) (holding that a counsel's admission of guilt during closing arguments was reasonable as a tactical decision to gain favor with the jury). Further, the state appellate court also found, after examining the record as a whole, that Petitioner's counsel not only acted reasonably, but that he also tenaciously pursued his clients interests and thoroughly probed the State's case for weaknesses. Therefore, because counsel's tactic was reasonable as trial strategy, Petitioner's ineffective assistance of counsel claim falls under Strickland.

*Trial court erroneously admitted a black jacket and a bullet into evidence*

Petitioner's second claim, that a bullet found in the pocket of a black leather-like jacket should not have been admitted into evidence, is procedurally defaulted. Generally, a federal court may not reach the merits of a habeas petition that challenges a state conviction if the "state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman, 501 U.S. at 729-30; Barksdale v. Lane, 957 F.2d 379, 382 (7th Cir. 1992), cert. denied 506 U.S. 890 (1992). In such cases, that state judgment is based on adequate and independent state procedural grounds. Barksdale, 957 F.2d at 382. "[A federal court] will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal

claim and 'adequate' basis for the court's decision." Lostutter v. Peters, 50 F.3d 392, 395 (7th Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 260 (1989)).

While the underlying basis for Petitioner's claim is not entirely clear from his habeas petition, Petitioner argues that the bullet should have been excluded from evidence. At the trial, the counsel moved to have the bullet excluded from evidence, arguing solely the prejudicial effect of introducing the bullet into evidence. On direct appeal, Petitioner argued that the bullet should have been excluded from evidence because the state failed to lay the proper foundation. The appellate court found, however, that the failure to object to lack of foundation during the trial and by a post-trial motion waives the issue for consideration on appeal. This Court finds, therefore, that the state court's reliance on an independent and adequate state ground bars review of this claim.

Even if Petitioner's claim were not procedurally defaulted, it lacks merit. A petitioner's claim for habeas relief that is premised on a state court evidentiary ruling is seldom appropriate. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990). This Court can grant Petitioner habeas relief on his evidentiary claim only if the ruling "violates his due process rights by denying him a fundamentally fair trial." Haas, 910 F.2d at 389 (citations omitted). It did not. More than one eyewitness testified that Petitioner was wearing a black leather-like jacket, and the jury also heard testimony from multiple witnesses that Petitioner fired a gun at them. Petitioner does not show how the outcome of his trial would have been different if the jacket and the bullet had been excluded from evidence. Thus, even if the trial court erred in allowing the jacket and bullet into evidence, the error did not

deprive Petitioner of a fundamentally fair trial and his claim is not entitled to habeas relief on this claim.

### *Trial court erroneously allowed a witness to testify about a gun residue test*

Petitioner's third claim, that a trial court erroneously allowed a witness for the state to testify about a gun residue test even though the evidence taken during the test had been destroyed, is procedurally defaulted because Petitioner did not raise this claim on direct appeal. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

However meritorious Petitioner's claim may be, it is not properly before this Court because he failed to raise it in the state court system. See id. at 411. Such failure to raise a claim in the state courts results in a procedural default unless there is a showing of good cause and actual prejudice for the Petitioner's failure, or a demonstration that a default would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50; Steward v. Gilmore, 80 F.3d 1205, 1211 (7th Cir. 1996). Petitioner alleges neither cause nor prejudice to excuse his default, nor does he allege that the failure to consider any of these claims would result in a fundamental miscarriage of justice. Therefore, without properly having presented his claim before the state court system, and without showing good cause and actual prejudice or that a default would be a fundamental miscarriage of justice, Petitioner's third claim is procedurally defaulted. See Cawley v. Delta, 71 F.3d 691, 694 (7th Cir. 1995) (noting that failure to raise an issue on appeal in post-conviction proceedings constitutes procedural default, preempting further review in a habeas court).

*The habitual criminal statute is unconstitutional*

Petitioner's final claim is that Illinois Habitual Criminal Act, the statute under which he was sentenced to life imprisonment, is unconstitutional. Under that Act, a person who has been convicted twice previously of an offense classified as a Class X felony, and who is again convicted of one of these offenses shall be sentenced to life in prison as an habitual criminal upon a finding of guilty of the most recent offense. Specifically, Petitioner argues that the Illinois General Assembly ignored constitutionally mandated procedures when it amended the Habitual Criminal Act, rendering the Act unconstitutional.

The Illinois appellate court considered and rejected this claim. First, the court noted that the Illinois state courts have twice considered this argument and twice found it meritless. Next, the court reasoned that Petitioner's argument that the amendment was not germane to the bill's original subject matter–feticide–was misplaced. Rather, at its inception, the bill was meant to amend the 1961 criminal code to expand existing bases within it for finding an individual a habitual criminal. Thus, the court found that the 1980 amendment *does* promote the object and purpose of the criminal code and it is germane to the actual statute amended.

It is Petitioner's burden to establish that the state court ruling was contrary to or an unreasonable application of Supreme Court doctrine, see Lindh v. Murphy, 521 U.S. 320, 326-27 (1997), and he has not done so here. Further, this Court notes that in Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court upheld a recidivist statute, holding that it is within the power of a state legislature to specify a sentence for repeat offenders. Accordingly, Petitioner's claim that the Illinois Habitual Criminal Act is unconstitutional fails.

## IV. Conclusion

For the foregoing reasons, Petitioner John Gill's petition for writ of habeas corpus is DENIED. This case is CLOSED.

Enter:

_____

David H. Coar
United States District Judge

Dated: April 18, 2002